IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN E. BENFORD,<br><br>    Plaintiff,<br><br>v.<br><br>CHICAGO BEVERAGE SYSTEMS L.L.C.,<br><br>    Defendant. | Case No. 07 CV 06958<br><br>Judge Coar<br><br>Magistrate Judge Valdez |

## AMENDED COMPLAINT

NOW COMES Plaintiff, Calvin E. Benford ("Plaintiff"), by an through his attorneys, Freeborn & Peters LLP, brings this actions to redress age discrimination and retaliatory discharge by defendant Chicago Beverage Systems ("Defendant") against Plaintiff stemming from his employment with Defendant. Plaintiff states as follows:

## JURISDICTION AND VENUE

1.  This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), as amended 29 U.S.C. § 621 *et seq.*, 42 U.S.C. § 1981, and illegal retaliatory discharge in violation of the Illinois Worker's Compensation Act, 820 ILCS 305/1 *et seq.*, and the public policy of the State of Illinois.

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to the 28 U.S.C. § 1367(a).

3.  All conditions precedent to maintaining this action have been fully performed and complied with by Plaintiff in accordance with applicable law. Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights on or about October 12, 2005. A Notice of Right To Sue was issued to Plaintiff on September 24, 2007. (Copies of Plaintiff's

charge of discrimination and Notice of Right to Sue letter are attached as Exhibit A and B, respectively). On December 11, 2007, Plaintiff filed his Complaint of Employment Discrimination with this Court. (*Benford v. Chicago Beverage Systems*, Case No. 07 CV 6958, Complaint attached hereto as Exhibit C).

4. Venue is proper in this Court in that Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred in this Court's geographical jurisdictional boundaries.

5. Plaintiff demands a trial by jury on each and every claim to which he is so entitled.

## PARTIES

6. Plaintiff is a citizen of the United States and the State of Illinois. Plaintiff resides in Chicago, Illinois.

7. Defendant is a Delaware corporation which conducts business in Chicago, Illinois. At all times relevant to Plaintiff's claims, Defendant has had more than 20 employees and has been an employer within the meaning of 29 U.S.C. § 630(b).

## BACKGROUND FACTS

8. Plaintiff was hired by Defendant as a temporary employee in or around 1986. In or around 1989, Plaintiff became a permanent, full-time employee, of Defendant.

9. Plaintiff performed various tasks while working for Defendant including forklift operator, working in the warehouse, and working with deliveries and loading.

10. In or around 2001, Plaintiff was injured at work and, as a result of this injury, filed and for, and received, workers compensation benefits. Plaintiff was off work for approximately six months due to his injury.

11. In or around June of 2005, Plaintiff arrived at work late because he lost power in his neighborhood. Plaintiff's supervisor began yelling at him for being late and proceeded to choke Plaintiff. This incident was reported to the on-duty night manager. Plaintiff was never questioned about this incident and Plaintiff is unaware of any disciplinary action that was taken against the supervisor. Plaintiff's supervisor was aware of Plaintiff's complaint.

12. After Plaintiff notified the manager of the incident, Plaintiff was treated poorly by the manager and supervisor.

13. In or around September of 2005, while loading inventory on delivery trucks, Plaintiff's supervisor told Plaintiff to put certain inventory on different trucks than was outlined in Plaintiff's written instructions. Plaintiff questioned his supervisor, and informed his supervisor that he would only put inventory on the trucks where he was instructed to pursuant to his written instructions. Plaintiff reported his supervisor's directions to management.

14. On or around October 7, 2005, Defendant asked Plaintiff to take a drug and alcohol test. Defendant took the test on that same day and the test results were positive for cocaine.

15. Defendant denies having taken cocaine or any drug that would have resulted in such a result.

16. On October 11, 2005, Plaintiff was advised that he was being terminated for testing positive for cocaine.

17. Plaintiff was not offered the opportunity to take a leave of absence for evaluation and treatment or, ultimately, to sign the Defendant's Last Chance Agreement.

## COUNT I

### Violation of Title VII:  Age Discrimination

18.     Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 16 hereinabove.

19.     On or about October 11, 2005, Plaintiff was terminated by Defendant at the age of 46.

20.     At all times pertinent hereto, Plaintiff's work performance satisfied the legitimate expectations of Defendant.

21.     Upon termination, Plaintiff was not afforded the same benefits, privileges, terms and conditions of employment, and opportunities, and was generally treated differently that similarly-situated younger employees, all to his damage and detriment.

22.     By being denied certain benefits, privileges, terms and conditions of employment, opportunities, and generally being treated differently than similarly-situated younger employees all on account of Plaintiff's age, Defendant has violated the ADEA.

23.     As a direct and proximate result of Defendant's illegal employment practice, Plaintiff has suffered lost income and benefits, emotional distress, humiliation and embarrassment, and incurred legal costs and attorneys' fees, all to his damage and detriment.

WHEREFORE, Plaintiff, Calvin Benford, prays that this Court enter judgment in his favor and against Defendant:

    (a)    Award Plaintiff lost wages and lost benefits of employment;

    (b)    Order that Plaintiff be reinstated, or, if reinstatement is not feasible, award him future lost wages;

    (c)    Award Plaintiff compensatory damages for the damages he suffered from Defendant's discriminatory conduct;

    (d)    Award Plaintiff punitive damages;

  (e)  Award Plaintiff pre-judgment interest;

  (f)  Award Plaintiff his costs of litigation, including legal fees and any expert witness costs;

  (g)  Grant such other as may be proper.

## COUNT II

### Retaliatory Discharge In Violation Of The Illinois Workers' Compensation Act And Public Policy

24. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 16 hereinabove.

25. Plaintiff was an employee of Defendant prior to his injury.

26. By filing a workers' compensation claim and receiving workers' compensation benefits, Plaintiff exercised his rights granted by the Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, ("the Act"). All of these activities are protected by the Act.

27. Plaintiff was off work for approximately six months due to the injury he received while working.

28. Defendant was aware of Plaintiff's protected activities under the Act as described above at the time Defendant decided to terminate Plaintiff's employment.

29. Plaintiff's protected activities under the Act were a factor behind Defendant's decision to terminate his employment.

30. As such, Defendant's termination of Plaintiff's employment on October 11, 2005, was casually related to his protected activities under the Act.

31. Defendant's termination of Plaintiff was therefore an illegal retaliatory discharge in contravention of Illinois public policy as stated and set forth in the Act.

32. As a direct and proximate result of Defendant's illegal employment practice, Plaintiff has suffered lost income and benefits, emotional distress, humiliation and embarrassment, and incurred legal costs and attorneys' fees, all to his damage and detriment.

WHEREFORE, Plaintiff, Calvin Benford, prays that this Court enter judgment in his favor and against Defendant:

 (a) Award Plaintiff lost wages and lost benefits of employment;

 (b) Order that Plaintiff be reinstated, or, if reinstatement is not feasible, aware him future lost wages;

 (c) Award Plaintiff compensatory damages for the damages he suffered from Defendant's discriminatory conduct;

 (d) Award Plaintiff punitive damages;

 (e) Award Plaintiff pre-judgment interest;

 (f) Award Plaintiff his costs of litigation, including legal fees and any expert witness costs;

 (g) Grant such other as may be proper.

## COUNT III

### Retaliatory Discharge In Violation Of Illinois Public Policy

33. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 16 hereinabove

34. On October 11, 2005, Plaintiff's employment was terminated by Defendant.

35. In or around June 2005, Plaintiff notified Defendant that his supervisor choked him. Plaintiff complained to Defendant that no follow up investigation or disciplinary action resulted from Plaintiff's complaint to Defendant about his supervisor's improper conduct.

36. Plaintiff was discharged in retaliation for reporting his supervisor's improper conduct.

6

37. Defendant's termination of Plaintiff was therefore retaliatory conduct in contravention of Illinois public policy.

38. As a direct and proximate result of Defendant's illegal employment practice, Plaintiff has suffered lost income and benefits, emotional distress, humiliation and embarrassment, and incurred legal costs and attorneys' fees, all to his damage and detriment.

WHEREFORE, Plaintiff, Calvin Benford, prays that this Court enter judgment in his favor and against Defendant:

    (a) Award Plaintiff lost wages and lost benefits of employment;

    (b) Order that Plaintiff be reinstated, or, if reinstatement is not feasible, aware him future lost wages;

    (c) Award Plaintiff compensatory damages for the damages he suffered from Defendant's discriminatory conduct;

    (d) Award Plaintiff punitive damages;

    (e) Award Plaintiff pre-judgment interest;

    (f) Award Plaintiff his costs of litigation, including legal fees and any expert witness costs;

    (g) Grant such other as may be proper.

## COUNT IV

### Retaliatory Discharge In Violation Of Illinois Public Policy

39. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 16 hereinabove

40. On October 11, 2005, Plaintiff's employment was terminated by Defendant.

41. Previous to his termination, Plaintiff reported to his supervisors at Chicago Beverage Systems that his direct supervisor was directing him to load trucks with inventory that

he was not instructed to load pursuant to his written instructions. The supervisor was aware that Plaintiff made this report.

42. Plaintiff was discharged in retaliation for reporting his supervisor's improper conduct.

43. Defendant's termination of Plaintiff was therefore retaliatory conduct in contravention of Illinois public policy.

44. As a direct and proximate result of Defendant's illegal employment practice, Plaintiff has suffered lost income and benefits, emotional distress, humiliation and embarrassment, and incurred legal costs and attorneys' fees, all to his damage and detriment.

WHEREFORE, Plaintiff, Calvin Benford, prays that this Court enter judgment in his favor and against Defendant:

 (a) Award Plaintiff lost wages and lost benefits of employment;

 (b) Order that Plaintiff be reinstated, or, if reinstatement is not feasible, aware him future lost wages;

 (c) Award Plaintiff compensatory damages for the damages he suffered from Defendant's discriminatory conduct;

 (d) Award Plaintiff punitive damages;

 (e) Award Plaintiff pre-judgment interest;

 (f) Award Plaintiff his costs of litigation, including legal fees and any expert witness costs;

 (g) Grant such other as may be proper.

## **CONCLUSION**

WHEREFORE, Plaintiff Calvin E. Benford respectfully requests that the Court find in favor of Plaintiff and against Defendant, Chicago Beverage Systems, and grant such other relief as the Court deems just.

                                      Respectfully submitted,

                                      CALVIN E. BENFORD

                                      By:   /s/ Audrey L. Brodrick
                                                One of his Attorneys

John Z. Lee (6210681)
Audrey L. Brodrick (6291420)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL  60606-6677
(312) 360-6000

Dated: June 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, I caused the **Amended Complaint** to be filed with the Clerk of the United States District Court using the CM/ECF system and caused it to be served via process server to:

Chicago Beverages Systems, L.L.C.
c/o Nicholas L. Giampietro
9500 W. Bryn Mawr Ave.
Ste. 7000
Rosemont, IL 60018


/s/ Audrey L. Brodrick

1551695