IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN E. BENFORD, | |
| Plaintiff, | |
| v. | No. 07 CV 06958 |
| CHICAGO BEVERAGE SYSTEMS L.L.C., | Judge Coar |
| Defendant. | Magistrate Judge Valdez |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Chicago Beverage Systems LLC ("CBS"), by its attorneys, respectfully submits this Memorandum in support of its Motion to Dismiss Plaintiff's Amended Complaint against them pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff failed to serve his complaint within 120 days of filing it, as required by Fed. R. Civ. P. 4(m).

Alternatively, Defendant moves to dismiss Count IV of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Illinois law does not recognize a claim of retaliatory discharge for reporting a supervisor's non-criminal conduct.

I.　　**FACTUAL BACKGROUND**

On October 11, 2005, Chicago Beverage Systems, LLC ("CBS"), terminated Calvin E. Benford ("Plaintiff") for testing positive for cocaine. (Am. Complt. ¶ 16). On December 11, 2007, Plaintiff filed his Complaint, which was later amended, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count I); retaliatory discharge in violation of the Illinois Workers' Compensation Act, 820 ILCS § 305/1 *et seq.*, and Illinois public policy (Count II); and two counts of retaliatory

discharge for reporting a supervisor's improper conduct (Counts III and IV). Specifically, Count IV alleges that Plaintiff was wrongfully terminated at some point in time after he allegedly reported to supervisors that his direct supervisor instructed him to load inventory on different trucks than was outlined in his written instructions. (Am. Complt. ¶¶ 13, 41).

On June 13, 2008, the Summons was issued. (Docket Entry # 15). On June 17, 2008, CBS was served with Plaintiff's Amended Complaint. The original complaint was never served. A copy of the Amended Complaint is attached as Exhibit A for the Court's convenience.

## II. 12(b)(5) MOTION TO DISMISS ARGUMENT

### A. Standard for 12(b)(5) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(5) provides that a party may move to dismiss a complaint for insufficient service of process. The plaintiff has the burden of proving proper service under a 12(b)(5) motion. *Rosen v. Mystery Method, Inc.*, Case No. 07C5727, 2008 WL 410642, at * 2 (N.D. Ill. Feb. 13, 2008) (attached as Exhibit B). Because Plaintiff's service was improper – he served CBS well over 120 days after his original complaint was filed – his Amended Complaint should be dismissed.

### B. Plaintiff Failed to Serve CBS Within 120 Days of Filing His Complaint

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days after filing his complaint to serve a defendant. If the defendant is not served within 120 days, the plaintiff's complaint will be dismissed unless he "can show good cause for missing the deadline, which must include a showing of a least 'reasonable diligence'; or the court . . . grant[s] a discretionary extension of time for service." *Bell v. City of Chicago*, Case No. 03C2117, 2004 WL 3119015, at * 1 (N.D. Ill. Dec. 20, 2004) (Coar, J.) (attached as Exhibit C).

To meet his burden to establish good cause, a plaintiff must show he used "reasonable diligence" in attempting to serve a defendant within 120 days of December 11, 2007. *Id.* Here,

2

CHICAGO/#1808525.3

Plaintiff exercised no reasonable diligence. Plaintiff simply made no attempt to serve CBS within 120 days of December 11, 2007. Indeed, service was first attempted over six months (189 days) after Plaintiff's Complaint was filed. *Compare Id.* (this Court's ruling that plaintiff failed to show good cause because service was not even attempted until after the 120 days). Thus, Plaintiff cannot show good cause.

While a court may grant a discretionary time extension for service without a good cause showing, we submit that the Court should not do so in this case. In determining whether to grant discretionary extension, a court should consider whether: (1) the defendant evaded service; (2) defendant had actual notice of the lawsuit; (3) the defendant was eventually served; (4) the applicable statute of limitations would bar the refilled action; and (5) an extension would prejudice the defendant. *Brooks v. Union Pac. R.R.*, Case No. 05C4982, 2006 WL 2853597, at *1 (N.D. Ill. Oct. 2, 2006) (attached as Exhibit D). However, "the fact that the balance of hardships favors the plaintiff does not *require* the district court to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule." *Coleman v. Milwaukee Bd. Of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (emphasis in original).

Here, Plaintiff's ADEA claim, but not his three counts of retaliatory discharge, would be barred by the 90 day limitations period. *See* 42 U.S.C. § 2000e-5(f)(1); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). CBS was also eventually served. However, again, Plaintiff never attempted to serve CBS until six months after he filed his Complaint. Obviously, CBS did not evade service when no attempt was even made. Nor could CBS have had actual notice of this action. Simply put, an extension should not be granted to a party who has not demonstrated a basic effort to comply with Rule 4(m). *Compare Bell*, 2004 WL 3119015, at * 3 (this Court refused to grant a discretionary extension when plaintiff never attempted service

3

within 120 days); *and Brooks*, 2006 WL 2853597, at *4 (no discretionary extension even though most of plaintiff's claims would be barred by limitation periods).

Accordingly, Counts II, III, and IV of Plaintiff's Amended Complaint should be dismissed without prejudice, and Count I (ADEA claim) of Plaintiff's Amended Complaint should be dismissed with prejudice. *See Chico v. Miller*, Case No. 05C3101, 2005 WL 2664586, at *6 (N.D. Ill. Oct. 19, 2005) (attached as Exhibit E) (under 4(m), if the limitations period for any count has expired, making refiling futile, the count should be dismissed with prejudice).

### III.  12(b)(6) MOTION TO DISMISS ARGUMENT

#### A.  Standard for 12(b)(6) Motion to Dismiss

Alternatively, Count IV of Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Rule provides that a party may move to dismiss an action for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion under Rule 12(b)(6), the Court must accept as true the facts alleged in the Complaint. *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995). "Nonetheless, the dismissal of a complaint for failure to state a claim is proper if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Because Plaintiff has not plead facts sufficient to state a claim in Count IV, it is ripe for dismissal.

#### B.  Plaintiff Fails to State a Claim for Retaliatory Discharge

To state a claim for retaliatory discharge, Plaintiff must establish that he was (1) discharged in retaliation for his activities and (2) the discharge violated a clear mandate of Illinois public policy. *O'Regan v. Arbitration Forums, Inc.*, 121 F.3d 1060, 1063. (7th Cir. 1997) "[R]etaliatory discharge claims have been recognized only when an employee is fired for

4

filing a workers' compensation claim or for blowing the whistle on a clear-cut law violation." *Id.* at 1064. Over time, Illinois courts have consistently "refused to expand the tort to encompass a private and individual grievance." *Geary v. Telular Corp.*, 793 N.E.2d 128, 134 (Ill. App. Ct. 2003).

Here, Plaintiff fails to set forth that his discharge violates a clear public policy mandate. Plaintiff only claims that he reported to supervisors that his direct supervisor instructed him to load inventory on different trucks than was outlined in his written instructions. Surely, the retaliatory discharge tort should not be expanded to include such mundane work grievances. *See Gould v. Campbell's Ambulance Serv.*, 488 N.E.2d 993, 995 (Ill. 1986) (retaliatory discharge not recognized when plaintiff was discharged for voicing concern that a coworker was not certified as required by city ordinance). Accordingly, Count IV does not state a proper claim and should be dismissed.

### III. CONCLUSION

Plaintiff made no attempt to serve CBS within 120 days as required by Federal Rule of Civil Procedure 4(m). Accordingly, CBS respectfully requests that this Court dismiss Plaintiff's Amended Complaint, and grant any other appropriate relief it deems necessary. Alternatively, CBS respectfully requests that this Court dismiss Count IV of Plaintiff's Amended Complaint for failure to state a claim on which relief can be granted and grant any other appropriate relief it deems necessary.

Respectfully submitted,

CHICAGO BEVERAGE SYSTEMS LLC

s/ Timothy J. Tommaso
Attorney for Defendant

J. Kevin Hennessy
Timothy J. Tommaso
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

Dated: July 3, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 3, 2008, a true and correct copy of the foregoing *Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint* was electronically filed and served through CM/ECF case filing to:

John Z. Lee
Audrey L. Brodrick
Freeborn & Peters LLC
311 South Wacker Drive, Suite 3000
Chicago, IL  60606-6677

s/   Timothy J. Tommaso
Attorney for Defendant