IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN E. BENFORD,<br><br>    Plaintiff,<br><br>v.<br><br>CHICAGO BEVERAGE SYSTEMS L.L.C.,<br><br>    Defendant. | No. 07 CV 06958<br><br>Judge Coar<br><br>Magistrate Judge Valdez |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT B



Slip Copy                                                                                                            Page 1
Slip Copy, 2008 WL 410642 (N.D.Ill.)
(Cite as: 2008 WL 410642 (N.D.Ill.))

**H**Rosen v. Mystery Method, Inc.
N.D.Ill.,2008.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Donald P. ROSEN, individually and as class representative, Plaintiff,
v.
MYSTERY METHOD, INC., a corporation organized under the laws of the State of California, Nicholas Benedict, aka Savoy, an individual residing in California, Jon Lee, aka Sinn, an individual residing in California, Chris Hendricks, aka Tenmagnet, an individual residing in Toronto, Canada, Peter Sergeant, aka Sheriff, an individual residing in London, England, Robert Plyler, aka Thompson Plyler, aka Future, an individual residing in New York, New York, Scott Donnely, aka the Don, an individual residing in California, Defendants.
No. 07 C 5727.

Feb. 13, 2008.

Donald P. Rosen, Law Offices of Donald Rosen, Carpentersville, IL, for Plaintiff.
Basileios Katris, Charmagne Topacio, Craig G. Penrose, Daniel Richard Formeller, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

CHARLES P. KOCORAS, District Judge.
*1 This matter is before the court on Defendant Scott Donnely ("Donnely")'s motion to disqualify Rosen as plaintiff's counsel pursuant to Rule 3.7 of the Illinois Rules of Professional Conduct and Local Rule 83.53.7, and Defendant Nicholas Benedict ("Benedict"), Defendant John Lee ("Lee"), and Mystery Method Corporation ("MMC")'s motions to dismiss Plaintiff Donald Rosen ("Rosen")'s two-count complaint for improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). For the foregoing reasons, Donnely, Benedict, and Lee's motions are denied and MMC's motion is granted.

**BACKGROUND**

On October 10, 2007, Rosen filed a two-count class action complaint (the "Complaint") against Benedict, Lee, MMC, Donnely, and three others. Count 1 alleges that Defendants participated in a RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(a) and (b). Count 2 alleges that Defendants conspired to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) and (d).

*Donnely's Motion to Disqualify Rosen as Class Counsel*

Donnely has filed a motion to disqualify Rosen as class counsel. Rosen has not yet applied for class certification in this matter. Without the existence of a class, it would be premature to decide whether Rosen or anyone else for that matter is qualified to be class counsel. Accordingly, Donnely's motion to disqualify Rosen is not ripe for adjudication.

*Benedict and Lee's Motions to Dismiss for Improper Service*

Benedict, Lee, and MMC each filed separate motions to dismiss for improper service. Rosen attacks Benedict and Lee's motions on procedural grounds, but argues against the legal basis of MMC's motion to dismiss. Accordingly, we will first discuss Benedict and Lee's motions.

Rosen argues that Benedict and Lee's motions are premature because they were filed prior to February 8, 2008. [FN1]Fed.R.Civ.P. 4(m) gives a plaintiff 120 days from the filing of the complaint to effectuate service on a defendant. In the instant case, Rosen filed suit against Benedict and Lee on October 10, 2007. As such, he has until February 8, 2008, to perfect service. Accordingly, Benedict and Lee's motion to dismiss for improper service are denied as premature.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 2
Slip Copy, 2008 WL 410642 (N.D.Ill.)
**(Cite as: 2008 WL 410642 (N.D.Ill.))**

FN1. February 8, 2008 is 120 days from October 10, 2007.

*MMC's Motion to Dismiss for Improper Service*

Rosen argues against the legal sufficiency of MMC's motion to dismiss. As such, a review of the underlying facts will follow. Donnely is currently a resident of Los Angeles, California, and has been since 1993. He began working for MMC in February 2006. On July 13, 2007, he signed an agreement with MMC stating that he was an independent contractor. In his affidavit, Donnely explains that on October 15, 2007, he was not an officer, employee, registered agent, general agent, or managing agent for MMC. He further states that at no time during his entire tenure with MMC has he ever been authorized to accept service on MMC's behalf or ever accepted service on MMC's behalf.

***2** On October 9, 2007, Rosen, claiming to be a columnist for a Chicago magazine, contacted Donnely via email and stated that he would like to interview Donnely while he was in town for a seminar. Donnely responded to Rosen's email the following day and the two eventually agreed to meet for the interview on October 15.

According to Donnely's affidavit, while Rosen was asking him questions about his work as an instructor for MMC, a man walked up to him, handed him a summons and the Complaint and told him that he had been served. Donnely explains that neither Rosen nor the process server told him that he was being served as an agent of the MMC.

Donnely and Rosen dispute over what happened after Donnely was served. In his affidavit, Donnely contends that Rosen did not ask him any further questions, including whether Donnely wanted to resume the interview, but rather apologized for serving him with the papers and briefly explained to him that Donnely was a named defendant in a RICO lawsuit. Donnely then asked Rosen if "that was it?" and Rosen said "yes". Rosen subsequently left.

In Rosen's response to Donnely's motion to dismiss for improper service, Rosen explains that after Donnely was served, he offered to buy Donnely lunch and to continue the interview as promised, but that Donnely refused. Rosen's response is neither in affidavit form nor under oath.

A Rule 12(b)(5) motion to dismiss tests the sufficiency of service of process. When a defendant challenges the sufficiency of service of process, the plaintiff must make a prima facie showing of proper service by competent proof. *Trotter v. Oppenheimer & Co., Inc.,* 1997 WL 102531, at *2 (N.D.Ill. Mar.4, 1997); *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir.1995). The Seventh Circuit has defined "competent proof" as "proof to a reasonable probability that jurisdiction exists."*Target Market Publishing, Inc. v. ADVO, Inc.,* 136 F.3d 1139, 1142 (7th Cir.1998) (internal citations omitted). It is therefore proper to require a plaintiff to "justify his [jurisdictional] allegations by a preponderance of evidence."*McNutt,* 298 U.S. at 190.

Under Rule 4(h)(1), service of the summons and complaint upon a domestic corporation, like MMC, may be made in the manner prescribed by Rule 4(e)(1) for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ..." Under Rule 4(e)(1), it is also proper to serve a corporation according to relevant Illinois law, which requires the plaintiff to leave "a copy of the process with a registered agent or any officer or agent of the corporation found anywhere in" Illinois. 735 ILCS 5/2-203.

As competent proof of his jurisdictional allegation, Rosen offers the following three sets of documents: (1) Donnely's affidavit; (2) email correspondence Rosen had with Donnely; and (3) printed advertisements from the Mystery Method website. None of these documents prove that it is more likely than not that Donnely was MMC's agent when he was served. In fact, Donnely's affidavit does the exact opposite; Donnely states that he is an independent contractor for MMC and not an officer, employee, registered agent, general agent, or managing agent. Furthermore, Rosen's email correspondence with Donnely establishes little more than that the two were scheduled to meet at a restaurant while Donnely was in Chicago. Lastly, while the printouts from Mystery Method's website support Rosen's proposition that Donnely was a Mystery Method instructor for a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

comprehensive boot-camp seminar in Chicago from October 12-14, they do not provide the competent proof necessary to establish that Donnely was acting as MMC's agent by collecting premiums or soliciting business for MMC.[FN2]

> FN2. Rosen cites *Sarro v. Illinois Mut. Fire Ins. Co.,* 34 Ill.App.2d 270, 181 N.E.2d 187 (Ill.App.Ct.1962), for the proposition that under Illinois law, someone who collects premiums and solicits business on behalf of its principal is considered to be an agent for purposes of service.

*3 For the aforementioned reasons, MMC's motion to dismiss for improper service is granted, and Benedict and Lee's motions to dismiss for improper service and Donnely's motion to disqualify Rosen as class representative are denied without prejudice.

N.D.Ill.,2008.
Rosen v. Mystery Method, Inc.
Slip Copy, 2008 WL 410642 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.