IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN E. BENFORD, | |
| Plaintiff, | |
| v. | No. 07 CV 06958 |
| CHICAGO BEVERAGE SYSTEMS L.L.C., | Judge Coar |
| Defendant. | Magistrate Judge Valdez |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT E (part 1)



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.))

Page 1

**H**Chico v. Miller
N.D.Ill.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
Manuel CHICO, Plaintiff,
v.
Officer Dan MILLER, Oak Law Police Department; Officer J. Riley, Alsip Police Department; Officer E. Casey, Alsip Police Department; and Village of Alsip, a Municipal Corporation, Defendants.
No. 05 C 3101.

Oct. 19, 2005.

Edward Ted Stein, Law Offices of Edward T. Stein, Chicago, IL, for Plaintiff.
Evelyn R. Pacino, Julia Joy Havenith, Maisel & Associates, Chicago, IL, for Defendants.

MEMORANDUM OPINION

KOCORAS, Chief J.
*1 This matter comes before the court on two motions. The first, filed by Plaintiff Manuel Chico, seeks to alter or amend our August 31, 2005, dismissal of Count III of his complaint pursuant to Fed. R. Civ. Proc. 59(e). The second, filed by Defendant Dan Miller, requests that we dismiss Counts I, II, IV, V, VI and VII, pursuant to Fed. R. Civ. Proc. 12(b)(5) and 12(b)(6). For the reasons set forth below, Chico's motion is denied and Miller's motion is granted.

BACKGROUND

According to the allegations of the complaint, which we must accept as true at this stage of the proceedings, Chico went into a White Hen Pantry convenience store on May 27, 2003. When he returned to his car, a man had parked his car behind Chico's, blocking him from leaving the parking lot. The man showed a badge, refused to move his car, and allegedly struck Chico in the face with an unidentified object. Chico fell to the ground and lost consciousness.

While Chico was unconscious, Defendants J. Riley and E. Casey, officers of the Alsip Police Department, arrived. After he awakened, they drove him home. At a hospital visit the following day, Chico learned that he had a broken jaw. He was hospitalized for approximately 10 days to treat his injury. Following his release, Chico went to the Alsip Police Department to file a report against the unidentified man. According to Chico, Officers Riley and Casey deliberately withheld the identity of the alleged assailant from him.

In early June 2003, Chico filed a claim with the Illinois Attorney General's office for damages under the Crime Victim's Compensation Act. On June 9, 2004, during an Illinois Court of Claims hearing, Chico learned that the unidentified man at the White Hen Pantry was Miller, who is a police officer in nearby Oak Lawn, not Alsip.

Approximately 10 months later, on April 6, 2005, Chico filed a seven-count civil rights complaint in the Circuit Court of Cook County against Miller, Riley, Casey, and the Village of Alsip. The complaint alleges that the latter three defendants conspired to conceal the identity of Miller, thereby depriving Chico of access to the courts. Chico also asserts six counts against Miller. Four allege claims of false imprisonment and battery under state law; the remaining two seek redress for constitutional violations under 42 U.S.C. § 1983.

Relying on the federal question jurisdiction arising out of the § 1983 claims, Alsip removed the case to federal court. Riley, Casey, and Alsip filed a motion to dismiss the conspiracy count, which we granted. Chico now asks that we alter or amend our dismissal of the conspiracy count pursuant to Fed. R. Civ. Proc. 59(e).

When the case was removed, Miller had not yet been served. On August 2, 2005, three days before the 120-day period for service was to expire, Chico's attorney left a copy of the complaint and a summons issuing from our court with a woman sitting behind a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.))**

glass partition at the Oak Lawn police station. According to the return of service form that he executed the following day, he left the documents to be served at the Oak Lawn Police Department at 9446 S. Raymond with an Officer Everrit "per instructions." Miller now moves to dismiss the complaint as to him on the grounds that this manner of service is insufficient. As an alternative ground, he argues that the complaint should be dismissed for failure to state a claim because the applicable statutes of limitation have expired.

LEGAL STANDARDS

A. Motion to Alter or Amend Judgment

*2 Fed. R. Civ. Proc. 59(e) permits parties to file, within 10 days of the entry of a judgment, a motion to alter or amend the judgment. Relief under Rule 59(e) is difficult to obtain. Kerr v. WGN Contl. Broadcasting Co., 229 F.Supp.2d 880, 883 (N.D.Ill.2002). Typically, a court only grants such a request only where there is newly discovered evidence, an intervening change in law, or a manifest error of law or fact. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir.1998); Kerr, 229 F.Supp.2d at 883. Rule 59(e) cannot be used to introduce legal theories that the movant could have addressed during the prior proceedings. Russel v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). The decision to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court."Matter of Prince, 85 F.3d 314, 324 (7th Cir.1996).

B. Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(5)

For federal cases with Illinois defendants such as Miller, Rule 4(e) allows service to be made in one of three ways. First, a defendant can be personally given a copy of the complaint and summons. Fed. R. Civ. Proc. 4(e)(2); 735 ILCS 5/2-203(a)(1). Second, the copies can be left at the defendant's abode with a person of suitable age and discretion. Fed. R. Civ. Proc. 4(e)(2).[FN1] Third, if the defendant has an agent who is authorized by the defendant or by operation of law to receive service of process on the defendant's behalf, the complaint and summons can be personally given to that agent. Id. An agency of this kind does not typically arise through implication and is "intended to cover the situation where an individual actually appoints an agent for that purpose."Schultz v. Schultz, 436 F.2d 635, 637 (7th Cir.1971).

> FN1. Under Illinois law, this person must be at least 13 years old, and he or she must be informed of the contents of the summons. 735 ILCS 5/2-203(a)(2). The server must also follow up this visit by mailing a copy of the summons to the defendant at the abode. Id.

When a defendant challenges sufficiency of service, the burden is on the plaintiff to affirmatively demonstrate otherwise. Robinson, 223 F.3d at 453. The consequence of insufficient service within the requisite time period [FN2] is dismissal, usually without prejudice. Fed. R. Civ. Proc. 4(m).

> FN2. Rule 4(m) gives a set period of time for service, whereas under Illinois law, service must be effectuated within a reasonable time after the complaint is filed. Ill. Sup.Ct. R. 103(b). However, because this case was removed to federal court before the time for service had expired, the federal 120-day rule applies in lieu of the more lenient state rule.

C. Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)

When considering a 12(b)(6) motion to dismiss, a court evaluates the legal sufficiency of a plaintiff's complaint, not the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). We must accept all well-pleaded allegations as true and will not dismiss a case for failure to state a claim unless the plaintiff cannot prove any facts sufficient to support his claim.Conley, 355 U.S. at 45-46. All inferences are to be drawn in a light most favorable to the plaintiff. Jackson v. E.J. Branch Corp., 176 F.3d 971, 978 (7th Cir.1999). To survive a motion to dismiss, a plaintiff need only provide a "short and plain statement" under Rule 8(a)(2); the particulars of the claim are not required. Midwest Gas Servs. v. Ind. Gas. Co., 317 F.3d 703, 710 (7th Cir.2002). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts that set forth the essential elements of the cause of action.Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir.1996).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06958    Document 19-8    Filed 07/03/2008    Page 4 of 4

Not Reported in F.Supp.2d                                                                                     Page 3
Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.))

*3 With all of these principles in mind, we consider the parties' motions.

## DISCUSSION

A. Motion to Alter or Amend Judgment

Before looking to the merits of Chico's motion, we must consider the threshold question of whether it was timely filed. Alsip asserts that the motion was not filed within the strict 10-day period set out by the rule. According to Alsip, September 15 was 11 days after we entered judgment, thus making Chico's motion filed that day untimely. Our decision, though dated August 31, was not docketed until September 1. That is the day that the Rule 59(e) clock begins to run. See Laborers' Pension Fund v. A & C Environmental, 301 F.3d 768, 775 n. 5 (7th Cir.2002). For deadlines of 11 days or fewer, Saturdays, Sundays, and holidays (such as the Labor Day holiday that fell on September 5, 2005) are not included in the calculation of time. Fed. R. Civ. Proc. 6(a). When we apply all of these rules, it is apparent that Chico had until September 16 to file his Rule 59(e) motion. Because he filed one day before that, his motion is timely, and we will consider its merits.

The judgment that Chico seeks to amend or alter is a portion of our decision on the earlier motion to dismiss for failure to state a claim. That motion, filed by Riley, Casey, and the Village of Alsip, was founded on the argument that Chico had not stated a cognizable claim for conspiracy to deprive him of his access to the courts, since the remainder of the allegations of his complaint negated the idea that he was prevented from seeking redress for his injury in court. One of Chico's responses to this position was that the argument should not prevail because the delay caused by Riley and Casey would enable Miller to assert a potential statute of limitations defense if he appeared in this case.FN3 We agreed that the failure of Riley and Casey to provide Chico with Miller's name and departmental affiliation did not prevent him from filing a timely civil suit. Because knowledge of Miller's name was not a mandatory predicate to the filing of a civil complaint, we concluded that any delay in this case stemmed from Chico's actions, not Riley and Casey's. In addition, we noted that Chico waited almost a year to file once he did find out the details about Miller. Thus, there was no injury to Chico's due process rights that arose from the alleged agreement between Riley, Casey, and Alsip, so no viable claim for conspiracy was available to Chico.

> FN3. Chico filed his response on July 20, 2005, before his counsel attempted to serve Miller at the Oak Lawn police station.

In his Rule 59(e) motion,FN4 Chico contends that our ruling should not stand for two reasons. First, he argues that it encourages police officers to unlawfully withhold information about their fellow officers. Second, he contends that Illinois does not require that a conspiracy needs to be successful before it can be actionable.

> FN4. Although Chico filed his motion under Fed. R. Civ. Proc. 59(c), it is clear that he intended to proceed under Rule 59(e). Rule 59(c) sets forth the time frame for submission of affidavits in conjunction with a motion for a new trial. That mechanism is inapplicable to a situation such as this one, with the case still in the pleading stage. Furthermore, the substance of Chico's motion shows that he is seeking to alter and amend our prior judgment. Finally, since the motion was filed within 10 days after judgment, it should be considered under Rule 59(e). See U.S. v. Deutsch, 981 F.2d 299, 301 (7th Cir.1992).

Neither of these arguments advances newly discovered evidence, an intervening change in law, or a manifest error of law or fact. Cosgrove, 150 F.3d at 732; Kerr, 229 F.Supp.2d at 883. Rather, they present theories that were or should have been presented in the course of the briefing on the earlier motion. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996). To the extent that they were presented, we have considered and rejected them. To the extent that they were not, Chico has had his bite at this apple, and Rule 59(e) will not afford him another. Russel v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). Accordingly, his motion to alter or amend our August 31, 2005, order is denied.

*4 Even if Chico's arguments could fit within the types allowed by Rule 59(e), they are without merit. Chico's claim that the ruling of this court will encourage other officers to withhold information from future plaintiffs is baseless. What the officers

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.