IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN E. BENFORD,<br><br>  Plaintiff,<br><br>v.<br><br>CHICAGO BEVERAGE SYSTEMS L.L.C.,<br><br>  Defendant. | No. 07 CV 06958<br><br>Judge Coar<br><br>Magistrate Judge Valdez |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT E (part 2)

Case 1:07-cv-06958    Document 19-9    Filed 07/03/2008    Page 2 of 4

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.))

Page 4

did here was not sufficient to keep Chico from filing suit at any point, so the benefit that Chico perceives is illusory. Thus, there is no incentive for officers to behave in this manner, as the potential for a suit being filed is in no way lessened by such conduct. Our ruling simply does not establish the "no harm, no foul" rule that Chico insists is inequitable.

With regard to the second argument, it is unclear precisely what Chico means by the statement that a conspiracy need not be successful to be actionable; the case he cites in support of it says nothing to that effect. Rather, it states that a valid claim of civil conspiracy must include both an agreement and a tortious act. *McClure v. Owens Corning Fiberglass Corp.,* 188 Ill.2d 102, 241 Ill.Dec. 787, 720 N.E.2d 242, 258 (Ill.1999). Chico fails to acknowledge the importance of the word "tortious" in this statement; an act does not become tortious until it works injury upon another. *See Reuben H. Donnelley Corp. v. Brauer,* 275 Ill.App.3d 300, 211 Ill.Dec. 779, 655 N.E.2d 1162, 1173 (Ill.App.Ct.1995). The delay in filing suit that gave rise to the potential statute of limitations problem was the result of Chico's actions, so any injury to Chico did not result from the actions of Riley and Casey. Consequently, their actions were by definition not tortious. Thus, this argument also does not provide a meritorious basis to undo our prior decision.

B. Motion to Dismiss Counts I, II, IV, V, VI, and VII

Miller's motion to dismiss is made pursuant to both Fed. R. Civ. Proc. 12(b)(5) and 12(b)(6). Because the service issue pertains to the viability of all of the claims against Miller, we address it first.

In considering a challenge to sufficiency of service, we must undertake a three-step inquiry. First, we must determine whether Chico served Miller in accordance with the tenets of Rule 4(e) before the 120-day period for service expired. Fed. R. Civ. Proc. 4(m). If he did not, we must next inquire whether he had good cause for the failure to act in a timely manner. *Id.; Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340-41 (7th Cir.1996). If no good cause exists, we must finally consider whether we should, given the facts of this case, grant Chico an extension of time to effect service on Miller. *Panaras,* 94 F.3d at 341.

With respect to the first issue, it is clear that there was no personal service nor abode service of Miller, so the only other possibility under Rule 4(e) is delivery of the summons and complaint to an agent authorized by appointment or by law to receive service on Miller's behalf. Chico claims that the requisite relationship is established here because his counsel's law clerk spoke to an unidentified person at the police department who told him the department would accept the complaint and summons on behalf of Miller. Chico's counsel states that he delivered the summons and complaint to an unidentified woman behind a glass window at the police department. However, beyond the statement of the unidentified participant in the phone call with his law clerk, Chico's counsel identifies nothing to support a conclusion that Miller authorized anyone at the department to accept service on his behalf. An authorized agency does not arise through implication, rather it is intended to involve only actual, explicit authorization. *See Schultz v. Schultz,* 436 F.2d 635, 637 (7th Cir.1971); *see also James v. City of Jersey City, D'Agosta, Anlin & Does,* 187 F.R.D. 512, 516 (D.N.J.1999) (concluding that Jersey City Police Department agreed to accept service on behalf of defendant officer was not enough to satisfy Fed. R. Civ. Proc. 4(e)); *Cheek v. Doe,* 110 F.R.D. 420, 421-22 (N.D.Ill.1986) (leaving copy of complaint at IRS office did not adequately serve defendant IRS agent). Chico has not advanced any support for a conclusion that Miller had an agent authorized to accept service on his behalf, so his counsel's actions at the police station were without legal effect.

*5 As an alternative, Chico contends that Miller's eventual appearance in this suit should be sufficient to indicate that he was properly served. While it is true that the underlying purpose of service is to notify a defendant of the need to appear to answer a plaintiff's allegations, it is well established that actual notice of a lawsuit alone is not an acceptable substitute for properly effected service. *Robinson Engr. Co. v. Pension Plan & Trust,* 223 F.3d 445, 453 (7th Cir.2000. The seriousness of receiving a summons to appear in court and the consequences attendant to a failure to appear mandate that a plaintiff execute proper service before a defendant is brought into a litigation. *Troxell v. Fedders of North Am.,* 160 F.3d 381, 382 (7th Cir.1998). The burden is on Chico to show that his manner of service was legally sufficient, and he has not advanced an adequate basis for a conclusion that Miller appointed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06958    Document 19-9    Filed 07/03/2008    Page 3 of 4

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.)  
(Cite as: Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.))

Page 5

the Oak Lawn police department to receive service on his behalf, nor has he offered any authority that the department was authorized by law to accept service. Thus, we must conclude that Miller has not been served.

Because we have concluded that Miller has not been served within the 120 days allowed by Rule 4, we must look whether he had good cause for his failure. *Panaras*, 94 F.3d at 341. In light of the way this case unfolded, it is apparent that the failure to timely serve was more the result of a lack of diligence than any other reason. Good cause means a justifiable reason for delay, usually something outside the plaintiff's control like a defendant who evades service. *Coleman v. Milwaukee Board of School Dir.*, 290 F.3d 932, 934 (7th Cir.2002). Here, Chico's counsel has offered no reason for his failure to effect proper service beyond his belief resulting from the phone conversation described above and his usual practice of serving police officers at their stations. That is not enough to convince us that he was justified in failing to ascertain and fulfill his obligations under Rule 4.

Although we conclude that Chico does not have good cause for failing to comply with the 120-day time frame, we must still consider whether we think it appropriate to extend the period for service. *Panaras*, 94 F.3d at 341. In this case, we think that Chico has had ample time in which to effect service. The case was pending in this court for two and a half months with no appearance of anyone on behalf of Miller, and the two-year statute of limitations expired on May 27, 2005, during those two and a half months. Chico's counsel should have been aware that he was hazarding serious consequences by letting the matter go until the last minute, and then relying on spotty information to carry out a task that he knew had significant legal ramifications. He has made no other attempts at service. He halfheartedly contends that other attempts would have been futile because Miller was overseas for part of the two and a half years, but Miller returned to Illinois on April 9, 2005, only three short days after this case was filed. Such a short time of unavailability does not absolve Chico of his obligation to properly serve Miller, and there is no evidence that he made any attempt to reach Miller while he was gone. Chico had ample time to do more than casually drop off a copy of the process with someone who, as far as he knew, only works at the same place as Miller, but he did not. This does anything but cast him in the favorable light necessary to justify an exercise of our discretion in his favor. As a result, we do not find an adequate reason to allow Chico more time to accomplish what he should have done months ago.

*6 Normally, a dismissal for insufficiency of service is without prejudice, pursuant to Rule 4(m), allowing the plaintiff to refile a complaint and restart the time for its service. However, in this case, the statute of limitations period for any of the counts has expired.[FN5] Accordingly, any refiling would be futile, so we dismiss the complaint and the case with prejudice. In light of this outcome, we need not consider the merits of Miller's 12(b)(6) motion.

> FN5. Chico's arguments with regard to equitable tolling of the applicable limitations periods are unavailing; even accepting that he did not know of Officer Miller's identity or affiliation until the Court of Claims hearing in June 2004, he knew as of the date of the assault that one man allegedly attacked him, and two others drove him home. This was all the information he needed to know that he had a potential cause of action against the attacker. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir.1993). That he did not immediately know the name of the attacker does not equate to a lack of knowledge that the attacker existed. The knowledge of the attacker's existence is all that was necessary to start the statute of limitations running. *See Nemmers v. United States*, 795 F.2d 628, 632 (7th Cir.1986). Because Chico knew of the cause of his injuries as of the date of the attack, his delay in pursuing the cause and developing his case rests with him, not Miller. *See id.* To hold otherwise would undo the underlying purpose of the limitations period. *See Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir.1990).

CONCLUSION

Based on the foregoing analysis, Chico's Rule 59(e) motion is denied and Miller's motion to dismiss pursuant to Rule 12(b)(5) is granted. The case and complaint are dismissed with prejudice.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                     Page 6
Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.))**

N.D.Ill.,2005.
Chico v. Miller
Not Reported in F.Supp.2d, 2005 WL 2664586 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.