**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CALVIN E. BENFORD,

       Plaintiff,

  v.

CHICAGO BEVERAGE SYSTEMS L.L.C.,

       Defendant.

Case No.  07 CV 06958

Judge Coar

Magistrate Judge Valdez

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT[1]**

**INTRODUCTION**

Defendant Chicago Beverage Systems LLC's ("Defendant") Combined 12(b)(5) and 12(b)(6) Motion to Dismiss ("Motion") seeks dismissal of Plaintiff Calvin Benford's Amended Complaint under two different theories, neither of which are supported by the facts of this case or case law.  Aside from the deficiencies in Defendant's arguments, what is striking about Defendant's Motion to Dismiss is what Defendant does not argue.  First, Defendant does not argue that Plaintiff failed to file his charge with the appropriate agency before filing with this Court.  Second, Defendant does not argue that, after receiving his Notice of Right to Sue, Plaintiff failed to file his complaint within the 90 day period as required by law.  Finally and perhaps most significantly, Defendant does not challenge the fact that Plaintiff has properly stated a Title VII Age Discrimination claim.  And because the arguments that Defendant does advance are groundless in fact or law, Defendant's Motion to Dismiss should be denied in its entirety.

---

[1]  In opposing Defendant's Motion, Plaintiff Calvin Benford respectfully requests leave from this Court to permit retroactively the service of his Amended Complaint on June 17, 2008, the date that it was served upon Defendant.

## **ARGUMENT**

**I.      Defendant's 12(b)(5) Motion to Dismiss Should be Denied and This Court Should Grant an Extension of Time for Service of Process.**

Defendant argues that Mr. Benford's entire Amended Complaint should be dismissed because he failed to serve Defendant with his Amended Complaint within 120 days after his original complaint was filed as provided by Fed. R. Civ. P. 4(m). (Motion p. 2.) This argument is deficient in a number of respects.

First, Defendant's Motion should be denied because Mr. Benford's Amended Complaint was served within 120 days after this Court granted his application to proceed *in forma pauperis*. Accordingly, Mr. Benford properly completed service under Fed.R.Civ.P. 4(m). Second, Defendant concedes that this Court has broad discretion to deny its Motion and permit this action to continue on its merits by granting an extension of time for service of process.[2] Yet, Defendant fails to explain in any meaningful way why this Court should not exercise its discretion in this manner, but rather terminate this case by granting Defendant's Motion. For example, Defendant completely fails to address what prejudice (if any) it would suffer because it received service on June 17, 2008, 189 days after the complaint was filed, as opposed to 120 days after the complaint was filed. (Motion p. 3.) In fact, the facts support the opposite result, and the Court should permit this action to proceed.

In addition, no where in Defendant's Motion to Dismiss does it recognize that Mr. Benford was representing himself *pro se* in this matter until March 6, 2008, when the Court appointed his counsel. Nor does Defendant acknowledge that, after counsel was appointed, this Court granted Mr. Benford additional time to amend his Complaint, and that the Amended

---

[2]      Defendant also concedes, as it must, that the Court has the discretion to permit the service of a complaint after the 120 days specified by the rules even without a showing of good cause. (Motion p. 3.)

Complaint was served within days of its filing. Although such circumstances are plainly relevant to its Motion, Defendant fails to address them.

For each of these reasons and others set forth below, Defendant's Motion should be denied.

A.     Mr. Benford Successfully Effectuated Service Under Rule 4(m).

This Court has held that that, when a plaintiff files an *in forma pauperis* application, the Fed.R.Civ.P. 4(m) clock does not start running until the application is granted. *Saniat v. City of Chicago*, No. 96 C 5191, 1998 WL 748399, at *5 (N.D. Ill. Oct. 16, 1998) *citing Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir. 1989).[3] This Court granted Mr. Benford's *in forma pauperis* application on March 6, 2008. Mr. Benford had 120 days, beginning on March 6, 2008, to serve his complaint on Defendant. It is undisputed that Defendant was served with Mr. Benford's Amended Complaint on June 17, 2008, within 120 days of when his application was granted. (Motion p. 2). On this basis alone, Defendant's 12(b)(5) Motion should be denied in its entirety.

But, even assuming, *arguendo*, that Plaintiff's Amended Complaint was not properly served within the allowable 120 days (which it was), Defendant's Motion should still be denied because Defendant fails to acknowledge several important issues that go to the heart of its Motion.

B.     The Facts Weigh in Favor of Denying This Motion And Allowing This Action To Proceed

It is well established that the court has the power, in its discretion, to extend time for service of process regardless of whether the plaintiff has demonstrated good cause for the delay in service. *See Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338 (7th Cir. 1996). In

---

[3] In accordance with this Court's Orders, copies of authority found only on electronic databases are attached as Exhibit 1.

determining whether to extend the time for service of process, the Court must clearly weigh the consequences to both the plaintiff and defendant and should consider the following factors: "whether the applicable statute of limitations would bar the re-filed action, whether the defendant evaded service or concealed a defect in attempted service, whether granting an extension of time in which to serve the defendant would prejudice the defendant's ability to defend the lawsuit, whether the defendant had actual notice of the lawsuit, and whether the defendant was eventually served." *Brooks v. Union Pac. R.R.*, Case No. 05 C 4982, 2006 WL 2853597, at *1 (N.D. Ill. Oct. 2, 2006). In this case, the factors clearly weigh in favor of denying Defendant's Motion and permitting this action to continue.

As to the first factor, if Mr. Benford's Amended Complaint were dismissed, the statute of limitations would arguably bar him from re-filing his complaint, thus denying him the right to seek relief for Defendant's unlawful activity. The statute of limitations for Mr. Benford's Title VII Age Discrimination claim is 90 days. Mr. Benford's original complaint was filed within this required time period. However, if this Court dismissed Mr. Benford's Amended Complaint, Mr. Benford would be barred from re-filing his complaint because the 90 days has expired. In a Title VII Age Discrimination case like this one, the Seventh Circuit held that, where the statue of limitations would prevent a plaintiff from re-filing such an action, it is "incumbent upon the district court to fully consider this factor" and "the fact that the suit cannot be resolved on the merits is a factor that must be given close attention." *Panaras*, 94 F.3d at 341; *see also Jeffries v. Dutton & Dutton, P.C.*, No. 05 C 4249, 2006 WL 1343629, at *2 (N.D. Ill. 2006) *citing* Advisory Committee Notes to Fed.R.Civ.P. 4(m). This factor should be given even more weight where as here, Mr. Benford complied with his obligation to file his lawsuit against Defendant within 90 days of receipt of his Notice of Right To Sue from the Equal Employment Opportunity

Commission ("EEOC").  Given Mr. Benford's compliance with his obligation to file his complaint against Defendant within the mandated time period, and the preclusive effect that dismissing this action would arguably have on his ability to litigate the case on the merits, this Court should, in its discretion, deny the present Motion and allow the action to proceed by granting an extension of time for service of process.

Next, the Court must consider whether denying the Motion would prejudice Defendant's ability to litigate this case.  Defendant acknowledges that this is a factor the Court must consider, but completely fails to address this factor or provide any analysis or explanation as to the prejudice Defendant would suffer should this Court grant an extension of time.  This is because no prejudice exists, and Defendant's Motion fails.  *See Paden v. Testor Corp.*, No. 03 C 50057, 2004 WL 2491633, at *2 (N.D. Ill. Nov. 2, 2004); *see also Brown v. New York Life Ins. Co.*, No. 06 C 3339, 2006 WL 3694855, at *2 (N.D. Ill. Dec. 14, 2006).

Additionally and equally fatal to its Motion, Defendant cannot, and has not, argued that it was without any notice regarding the law suit.  While Defendant contends that it had no *actual* notice that Plaintiff had filed a complaint against it, Defendant certainly was aware of the potential for litigation because of Plaintiff's charge with the EEOC.  Courts have recognized that a defendant in a Title VII case should have notice of potential litigation after being named in a plaintiff's charge of discrimination with the EEOC, even if the defendant had no actual notice of the federal action.  *See Paden,* 2004 WL 2491633, at * 2.  Similarly here, because the Defendant was clearly on notice that a complaint would be filed based upon the prior administrative proceedings, the Court should deny the present Motion.  Furthermore, the Court must consider whether the Defendant was actually served.  It is undisputed that the Court allowed Mr. Benford

until June 12, 2008 to file his Amended Complaint, and that Defendant was served within five days of its filing.

Finally, Defendant fails to acknowledge that Plaintiff's original complaint was filed *pro se*. It was not until March 6, 2008, that this Court appointed Freeborn & Peters, LLP to represent Plaintiff. Plaintiff's status as a *pro se* litigant is significant and has been recognized as such by other courts in denying motions to dismiss under 12(b)(5) for failure to comply with the 120 day requirement of Fed.RCiv.P. 4(m). *See Jeffries*, 2006 WL 1343629, at *2 ("A *pro se* plaintiff deserves heightened protection against any unjust application of the Rule, particularly where Plaintiff's re-filed action could be barred by the statute of limitations."). Furthermore, this is not an instance where a plaintiff simply files a complaint and sits on his hands. Rather, Mr. Benford and his counsel have been acting diligently to pursue this litigation. As mentioned above, Mr. Benford complied with his obligation to file this lawsuit within the required 90 day period of receiving an administrative determination. During the approximate 90 days that Mr. Benford represented himself *pro se*, Mr. Benford appeared before the Court on scheduled dates and filed the documents he was ordered to file and did so within the time-frame this Court ordered.

Similarly, shortly after being appointed by this Court as counsel on March 6, 2008, Plaintiff's counsel informed the Court that it might be necessary to file an amended complaint and that he would discuss this with Mr. Benford. Plaintiff's counsel also attended an additional status hearing in May of 2008 to update the Court on developments. Then, on May 22, 2008, after meeting with Mr. Benford, Plaintiff's counsel requested leave from this Court to file an amended complaint. This Court granted Plaintiff's request and, in compliance with this Court's order, on June 12, 2008, Plaintiff filed his Amended Complaint. Within five days of filing the Amended Complaint, the Amended Complaint was served on Defendant.

Accordingly, even assuming that Plaintiff did not satisfy Rule 4(m) (which he did), given the totality of the circumstances, the Court should deny Defendant's Motion to Dismiss and allow this action to continue on its merits.

## II.    Defendant's 12(b)(6) Motion Should be Denied Because Plaintiff Pleads Facts Sufficient to Support a Retaliatory Discharge Claim.

Defendant moves to dismiss Count IV of Plaintiff's Amended Complaint under the theory that Plaintiff's report to his supervisors of improper or potentially illegal activity was only a "mundane work grievance" and that such an allegation is not a viable cause of action under the theory of retaliatory discharge. (Motion p. 5.)  Reporting potential illegal conduct can hardly be considered a mundane grievance.  Defendant's argument for dismissal once again fails because Defendant reaches this conclusion by mischaracterizing the facts alleged in Plaintiff's Amended Complaint as well as applicable case law.

Defendant's argument that Plaintiff's report to his supervisors that he was being instructed to load inventory on different trucks than was outlined in his written instructions only constitutes a "mundane work grievance" is simply non-sensical.  To support its position that Plaintiff's notification was simply a mundane work grievance Defendant relies on *Gould v. Campbell's Ambulance Service*, 488 N.E. 2d 993, 111 Ill.2d 54 (Ill. 1986).  (Motion p. 5.) *Gould*, however, is clearly distinguishable and does not support Defendant's argument.  There, the employee voiced concern that a coworker was not certified by a particular ordinance.  In contrast, here, Mr. Benford reported to a supervisor that another supervisor is instructing him to engage in potentially illegal activity.  Such reporting can hardly be characterized as a "mundane work grievance."

Furthermore, in the event that that it is determined later that the questionable activities were, in fact, not illegal, this in itself is not fatal to Plaintiff's claim.  Indeed, the Illinois

Supreme Court has explained that an employee should not be deterred, due to fear of being wrongfully discharged, from reporting what he or she believes, in good faith, constitutes unlawful activity, whether or not the conduct is in fact illegal. *Bourbon v. Kmart Corp.*, 223 F.3d 469, 472 (7th Cir. 2000). Instead, under Illinois law, "all that matters is that when the [plaintiff] reported the conduct, he reasonably believed his supervisor was engaged in unlawful activity." *Id.*

In this case, Plaintiff reasonably believed that he was reporting unlawful activity of his direct supervisor. A report of this type is clearly not a simple mundane work grievance, and Mr. Benford's termination was in violation of public policy. Accordingly, Count IV of Plaintiff's Amended Complaint is proper and Defendant's Motion to Dismiss Count IV should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff Calvin Benford respectfully requests that the Court deny Defendant Chicago Beverage System's Motion to Dismiss in its entirety and respectfully requests leave from this Court to permit the service of his Amended Complaint on June 17, 2008, the date that it was served upon Defendant.

Respectfully submitted,

CALVIN E. BENFORD

By:    /s/ Audrey L. Brodrick
       One of his Attorneys

John Z. Lee (6210681)
Audrey L. Brodrick (6291420)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL  60606-6677
(312) 360-6000

Dated: August 5, 2008

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys for Plaintiff, hereby certifies that (s)he caused a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to be filed with the Clerk of the United States District Court and served upon all counsel of record listed below using the CM/ECF system on August 5, 2008:

> J. Kevin Hennessy
> Timothy J. Tommaso
> Vedder Price P.C.
> 222 North LaSalle Street, Suite 2600
> Chicago, IL  60601-1003

/s/ Audrey L. Brodrick