IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN E. BENFORD,<br><br>    Plaintiff,<br><br>v.<br><br>CHICAGO BEVERAGE SYSTEMS L.L.C.,<br><br>    Defendant. | No. 07 CV 06958<br><br>Judge Coar<br><br>Magistrate Judge Valdez |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

In response to Chicago Beverage Systems' ("CBS") Motion to Dismiss, Plaintiff fails to show why this Court should grant him an extension under Fed. R. Civ. P. 4(m) or rebut CBS' argument that Count IV of his Amended Complaint ("Complaint") should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claim of retaliatory discharge.  As such, Plaintiff's Amended Complaint should be dismissed in its entirety.  At the very least, Count IV of his Amended Complaint should be dismissed with prejudice.

**I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY**

    **A.    Plaintiff Did Not Successfully Effectuate Service Under Rule 4(m)**

In his response, Plaintiff argues he deserves two bites of the apple.  First, he argues his Complaint was deemed filed as soon as his *in forma pauperis* application was granted on March 6, 2008.  Next, he argues he filed his Complaint within 90 days of receiving his right-to-sue letter.  The right-to-sue letter was issued September 24, 2007, which would mean he filed his complaint in or around December 2007.  Plaintiff cannot argue his Complaint was filed on different dates depending on what rule he is trying to comply with.

Local Rule 3.3(d)(2), which Plaintiff ignores, states "where the complaint must be filed within a time limit . . . the complaint shall be deemed to have been filed . . . [when it] was received by the clerk." Because Plaintiff asserts an Age Discrimination in Employment Act claim, he was required to file his complaint within a time limit – within 90 days of receiving his right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). Thus, his Complaint is deemed filed on December 11, 2007, when the clerk received it.[1] The cases Plaintiff cites for the proposition that the 4(m) clock begins after the *in forma pauperis* application is granted were decided before Local Rule 3.3(d)(2) became effective on September 1, 1999. Accordingly, Plaintiff did not properly effectuate service under Rule 4(m).

**B.　　This Court Should Not Grant a Discretionary Time Extension**

Plaintiff effectively concedes that he cannot show good cause for failing to serve CBS within 120 days. Nowhere in his response does he argue that he used reasonable diligence in serving CBS within 120 days, which Plaintiff must show to establish good cause. *See Bell v. City of Chicago*, Case No. 03C2117, 2004 WL 3119015, at * 1 (N.D. Ill. Dec. 20, 2004) (Coar, J.) (attached as Exhibit A). As explained in CBS's Motion to Dismiss, he cannot argue reasonable diligence because he never used it.

Similarly, Plaintiff's argument that this Court should grant a discretionary time extension is unpersuasive. Plaintiff cites no cases that are factually similar. Rather, Plaintiff simply opines that the factors a court weighs in deciding whether to grant a discretionary extension weigh in his favor. First, he argues that he could not re-file his ADEA claim if this Court denies an extension.

---

[1] If this Court decides Plaintiff's Complaint is deemed filed on March 6, 2008 though, then his ADEA claim should be dismissed as untimely because it would not have been filed within 90 days after receiving his right-to-sue letter in September 2007.

But, he could re-file his three other retaliatory discharge claims.  Further, even when claims are barred from being re-filed, courts still have declined to grant an extension.  *See, e.g.*, *Brooks v. Union Pac. R.R.*, Case No. 05C4982, 2006 WL 2853597, at *4 (N.D. Ill. Oct. 2, 2006) (attached as Exhibit B) (no discretionary extension even though most of plaintiff's claims would be barred by limitation periods).  Additionally, "the fact that the balance of hardships favors the plaintiff does not *require* the district court to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule."  *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (emphasis in original).

Next, Plaintiff uses *Jeffries* for the proposition that *pro se* litigants deserve more protection under the federal rules.  The *Jeffries* plaintiff, however, was *pro se* throughout the entire 120 day 4(m) period.  *Jeffries v. Dutton & Dutton, P.C.*, Case No. 05C4249, 2006 WL 1343629, at * 2 (N.D. Ill. May 11, 2006) (attached as Exhibit C).  Here, Plaintiff was *pro se* for less than 90 days after filing his complaint, and thus, not entitled to the heightened protection the *Jeffries* plaintiff received.  *See Weiss v. Casper*, Case No. 01C4102, 2007 WL 188042, at *3 (N.D. Ill. Jan. 22, 2007) (attached as Exhibit D) (never discussing that the *pro se* plaintiff deserved heightened protection when he retained counsel after his *in forma pauperis* application was granted).  In any event, even a *pro se* plaintiff is not relieved from complying with Rule 4.  *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 783 (N.D. Ill. 1998).

Lastly, Plaintiff cites *Paden v. Testor Corp.*, Case No. 03C50057, 2004 WL 2491633 (N.D. Ill. Nov. 2, 2004) (attached as Exhibit E), to support his position that CBS would not be prejudiced by an extension and had notice of the lawsuit.  However, the cited case does little to help Plaintiff's position.  There, whether the defendant was prejudiced and had notice of the lawsuit were only two factors the court looked at in determining whether an extension should

3

have been granted.[2]  *Id.* at *2.  The *Paden* plaintiff, unlike the Plaintiff here, attempted to comply with Rule 4(m) by taking a "proactive approach by requesting an extension in advance" "rather than waiting until after the time had expired . . ."  *Id.*  Thus, the court also considered that as a factor in deciding whether to grant an extension.  *Id.*

Here and unlike in *Paden*, this Court has not granted an extension nor did Plaintiff (or his counsel) proactively seek one before or after his time expired.  At the very least, he could have requested an extension when, as Plaintiff admits, he appeared before this Court in May 2008 or when he requested to file an amended complaint on May 22, 2008.  Further, Plaintiff does not dispute that he never attempted to serve CBS before June 17, 2008.  Indeed, this Court in *Bell* refused to grant a plaintiff a discretionary extension when the plaintiff "never requested an extension, [did] not demonstrate[] why service could not have been effected within the original 120 day period, and [did] not demonstrate[] even basic efforts to comply with the federal procedural rule."  *Bell*, 2004 WL 3119015, at * 3.  The same is the case here, and thus, Plaintiff's Amended Complaint should be dismissed in its entirety.

**II.     PLAINTIFF'S RESPONSE FURTHER SHOWS THAT HE FAILED TO STATE A CLAIM FOR RETALIATORY DISCHARGE**

Plaintiff's arguments in response to CBS's Motion to Dismiss his Count IV retaliatory discharge claim completely miss the mark.  Illinois law is clear that "the policy identified <u>in the complaint</u>" must "strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed."  *Leweling v. Schnadig Corp.*, 276 Ill. App. 3d 890, 894, 657 N.E.2d 1109, 1111 (Ill. App. Ct. 1st Dist. 1995) (citing *Palmateer v. Int'l Harvester Co.*, 85 Ill. 2d 124, 130-32, 421 N.E.2d 876, 878-79 (1981)) (emphasis added).  Nowhere in Plaintiff's Complaint

---

[2] *Brown v. New York Life Ins. Co.*, Case No. 06C3339, 2006 WL 3694855, at *2 (N.D. Ill. Dec. 14, 2006) (attached as Exhibit F), is unhelpful for the same reason – whether the defendant was prejudiced was only one factor the court considered.

did he identify a public policy that does this.  Certainly, reporting that a supervisor told Plaintiff to load a truck contrary to written instructions is not a public policy that "strike[s] at the heart of a citizen's social rights, duties, and responsibilities."

Even more telling is that nowhere in Plaintiff's Complaint did he state he reported an illegal, unlawful or "potential illegal activity."  For that reason alone, Count IV of his complaint should be dismissed for failure to state a claim.  *See Patel v. Boghra*, Case No. 07C6557, 2008 WL 2477695, at *5 (N.D. Ill. June 18, 2008) (attached as Exhibit G) (plaintiff failed to state a claim of retaliatory discharge because he never alleged in his complaint that he reported illegal or unlawful activity).  *See also O'Regan v. Arbitration Forums, Inc.*, 121 F.3d 1060, 1064 (7th Cir. 1997) (plaintiff failed to state a retaliatory discharge claim when she was fired after reporting her supervisor's alleged federal tax violation, and stating that "Illinois has not broadened the definition of whistle-blowing beyond instances where the alleged improper conduct is clear, violative of public policy and serious.").

Plaintiff's argument that his reporting to CBS that a supervisor instructed him to load a truck contrary to written instructions should be characterized as a "potentially illegal activity," rather than a mundane work grievance, is misguided.  Plaintiff's Complaint does not mention that he reported a potential illegal activity.  Further, Plaintiff never explains <u>what</u> type of unlawful activity a supervisor engages in when he or she tells another to load a truck contrary to written instructions.

Plaintiff's reliance on *Bourbon v. Kmart Corp.* is misplaced for similar reasons.  In *Bourbon*, decided on summary judgment, the court stated that the plaintiff may have reasonably believed the dishonest and unethical conduct he reported amounted to theft. 223 F.3d 469, 472. Again, Plaintiff neither states in his Complaint that he reasonably thought he reported illegal

5

Case 1:07-cv-06958    Document 25    Filed 08/19/2008    Page 6 of 8

conduct nor states in his Complaint or response brief what he reasonably thought was illegal about his supervisor's directions.

Both of his arguments simply miss the point that in order to state a retaliatory discharge claim, Plaintiff must allege CBS engaged in illegal or unlawful activity (*i.e.*, clear-cut public policy violation) <u>in his Complaint</u>. Plaintiff failed to do so here. Indeed, if Plaintiff's reasoning prevailed, all a litigant would need to state in his or her complaint to survive a motion to dismiss is that he reported his supervisor's conduct (regardless of what the conduct was) and his subsequent termination was therefore in violation of Illinois public policy. The tort of retaliatory discharge was not meant to be stretched to that length.

Interestingly, Plaintiff cites no factually similar cases, simply because there are none. No court has expanded the tort to include such a "private and individual grievance." *Geary v. Telular Corp.*, 341 Ill. App. 3d 694, 701, 793 N.E.2d 128, 134 (Ill. App. Ct. 1st Dist. 2003). In light of Illinois' courts' reluctance to expand the narrow tort of retaliatory discharge, as well as Plaintiff's failure to allege a clear-cut public policy violation in his Complaint, his Count IV claim for retaliatory discharge should be dismissed with prejudice.

**III.    CONCLUSION**

Plaintiff fails to show why this Court should grant him an extension under 4(m). Accordingly, CBS respectfully requests that this Court dismiss Plaintiff's Amended Complaint and grant any other appropriate relief it deems necessary. Alternatively, CBS respectfully requests that this Court dismiss Count IV of Plaintiff's Amended Complaint for failure to state a claim on which relief can be granted and grant any other appropriate relief it deems necessary.

CHICAGO/#1825878.2

        Respectfully submitted,

        CHICAGO BEVERAGE SYSTEMS L.L.C.

        s/   Timothy J. Tommaso
        Attorney for Defendant

J. Kevin Hennessy
Timothy J. Tommaso
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

Dated:  August 19, 2008

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 19, 2008, a true and correct copy of the foregoing *Reply Memorandum in Further Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint* was electronically filed and served through CM/ECF case filing upon:

John Z. Lee
Audrey L. Brodrick
Freeborn & Peters LLC
311 South Wacker Drive, Suite 3000
Chicago, IL  60606-6677

                                                s/   Timothy J. Tommaso
                                                Attorney for Defendant