**EXHIBIT A**

Case 1:07-cv-06958   Document 25-2   Filed 08/19/2008   Page 1 of 3

# Westlaw.

Not Reported in F.Supp.2d                                                                                   Page 1
Not Reported in F.Supp.2d, 2004 WL 3119015 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 3119015 (N.D.Ill.))

**H** Bell v. City of Chicago
N.D.Ill.,2004.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
Terry BELL Plaintiff,
v.
CITY OF CHICAGO, Fred Woods, and Donald Bester Defendant.
No. 03 C 2117.

Dec. 20, 2004.

*MEMORANDUM OPINION AND ORDER*

COAR, J.
*1 [Other docket entry] For the reasons discussed in the memorandum opinion and order attached hereto, Defendant Woods' Motion to Dismiss [Doc. No. 32] is GRANTED.

Before this Court is Defendant Fred Woods' motion to dismiss for improper service of process. For the reasons set forth below, this motion is granted.

I. Facts

Plaintiff Terry Bell filed her pro se complaint in this matter on March 25, 2003, naming only the City of Chicago and the City of Chicago Department of Health as defendants. She included factual allegations against individual defendants Fred Woods and Donald Bester in her complaint. She then filed an amended complaint against the same defendants through counsel on April 25, 2003. On August 12, 2003, Bell filed a second amended complaint with a new attorney, who continues to represent her at present; this second amended complaint named Woods and Bester as individual defendants and alleged two additional counts against them: a 42 U.S.C. § 1983 count and a slander per se count.

An alias summons was issued for Defendant Woods on March 25, 2004, seven months after Plaintiff filed her second amended complaint. An affidavit of service was filed with this Court on June 22, 2004, stating that service was executed on April 13, 2004. Defendant Woods denies that valid service was executed. According to Woods, in mid-April, a guest at his home answered the door intercom and was asked if that was the Woods residence. When the guest answered in the affirmative, the person at the door stated that there was a package for Fred Woods. The next morning, Woods opened the package, which contained the complaint and summons. Woods states he was never served in person.

Defendant Woods has been a City employee for approximately twenty-five years. He has lived at his current address for approximately five years.

II. Analysis

FederalRules of CivilProcedure4 outlines the requirements for valid **service** of process. Fed.R.Civ.P. 4. A plaintiff has **120days** after filing his or her **complaint** to **serve** a defendant. If plaintiff does not **serve** a defendant within **120days**, Rule4(m) states "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."Fed.R.Civ.P. 4(m) (2000). A plaintiff who misses the 120 day deadline has two options: she can show good cause for missing the deadline, which must include a showing of at least "reasonable diligence"; or the court can grant a discretionary extension of time for service.

The burden is on the plaintiff to show good cause. 4B Wright & Miller, Fed. Prac. & Proc.: Civil 3d § 1137 (2002). Good cause is likely, though not required, to be found when there is evidence that a third party's conduct prevented plaintiff from effecting timely service. Evidence of defendant's intentional evasion of service, faulty effort by the process server, and lack of prejudice to defendant by the delay are all factors that a court can consider in making a good cause determination. *Id.;Geiger v. Allen,* 850 F.2d 330 (7th Cir.1988); *United States v. Fields,* 703 F.Supp. 749 (N.D.Ill.1989). A good cause showing

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06958   Document 25-2   Filed 08/19/2008   Page 3 of 3

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2004 WL 3119015 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2004 WL 3119015 (N.D.Ill.))

must be accompanied by evidence that plaintiff used "reasonable diligence" in attempting to serve defendant within 120 days. Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir.1993).

*2 In this case, Defendant Woods argues that there is no evidence to support a good cause finding or any indication of reasonable diligence by Plaintiff in attempting to serve him within the 120 day period. Defendant Wood argues that he did not attempt to evade service. He has been employed by the City of Chicago for approximately twenty-five years, and has lived at his current address for approximately five years. There is no evidence to indicate Plaintiff attempted to serve Defendant Woods prior to March 2004, but even if there were, neither attorney neglect nor inadvertent failure to serve establish good cause. Floyd v. U.S., 900 F.2d 1045-1045-48 (7th Cir.1990); Geiger, 850 F .2d at 333.

Plaintiff made no discernible effort at all to serve Defendant Woods until approximately 210 days after filing her second amended complaint. Plaintiff argues that her counsel orally asked Defendant City's counsel for Defendant Wood's address but was told that counsel did not know Woods' address; that she had a discovery request for Defendant Woods' address pending; that Defendant Woods delayed excessively in filing his motion to dismiss; that Defendant Woods had notice because he was "the main character in Plaintiff's lawsuit against the City of Chicago"; and that the process server believed, based on his notarized return of service form, he had effected personal service. In support of her efforts to establish good cause, Plaintiff cites Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297 (7th Cir.1991). She describes this case as "review[ing]" a three-part good cause test that would permit this Court, so Plaintiff contends, to find Plaintiff had good cause for the four-month delay in service. What Plaintiff fails to disclose is that the Seventh Circuit struck down the good cause test. In fact, the Seventh Circuit could not have been plainer, stating that "the facts considered by the district court have questionable validity, and, as a result, the district court's three-part test must fail."Id. at 300 (emphasis added).

It is Plaintiff's responsibility to ensure that all defendants are served within 120 days of filing her complaint. The fact that counsel for one defendant did not know the address of another Defendant is irrelevant. A Plaintiff may not rely on one defendant giving another defendant notice of pending litigation, even when the defendants have a business relationship.Mid-Continent, 936 F.2d at 301 ("We ... hold that actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process.") The only reason Plaintiff provides which might support a good cause finding is that her process server provided a notarized return of service form, which indicated that in person service had been effected. However, because **service** was **not** even *attempted* until four months after the **120**day period ended, this Court finds Plaintiff has not made a showing of reasonable diligence in its efforts to **serve** Defendant Woods. Therefore, there is no support for a determination of good cause.

*3 The Court may, in its discretion, grant an extension of time for service. Fed.R.Civ.P. 4(m) (2000). However, this Court notes that Plaintiff has never requested an extension, has not demonstrated any reason why **service** could not have been effected within the original **120**day period, and has not demonstrated even basic efforts to comply with the federal procedural **rule**. For these reasons, this Court will not grant an extension.

Conclusion

For the foregoing reasons, Plaintiff failed properly serve Defendant Woods and all claims against him will be dismissed. Defendant Wood's motion to dismiss is granted.

N.D.Ill.,2004.
Bell v. City of Chicago
Not Reported in F.Supp.2d, 2004 WL 3119015 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.