**EXHIBIT D**

Westlaw.

Not Reported in F.Supp.2d                                                                                                                Page 1
Not Reported in F.Supp.2d, 2007 WL 188042 (N.D.Ill.)
(Cite as: 2007 WL 188042 (N.D.Ill.))

C Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
Theodore WEISS, Plaintiff,
v.
New Lenox Police Officer CASPER # 130, New
Lenox Police Officer Wajowski # 122,
New Lenox Police Officer Lindeman # 121, New
Lenox Police Officers John Does,
Village of New Lenox, Defendants.
No. 01 C 4102.

Jan. 22, 2007.

Christian G. Spesia, Spesia & Ayers, Joliet, IL, for Defendants.

OPINION AND ORDER

NORGLE, J.

*1 Before the court are Plaintiff's Motion for Extension of Period to Serve the Complaint, and Defendant's Motion to Dismiss. For the following reasons, Plaintiff's Motion for Extension of Period to Serve the Complaint is denied, and Defendant's Motion to Dismiss is granted.

I. BACKGROUND

On June 1, 2001, Plaintiff, proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that he was unlawfully beaten by various New Lenox, Illinois police officers. The court granted Plaintiff's application to proceed in forma pauperis, and appointed counsel for Plaintiff on June 12, 2001. On June 28, 2001, the court ordered Plaintiff, who was then incarcerated in Will County, Illinois, to pay an initial filing fee of $3.15. Approximately three years later, Plaintiff still had not paid the initial filing fee, and the court therefore dismissed the case. The court granted Plaintiff's Motion to Vacate and Reinstate, and reopened the case on November 30, 2004. The court appointed new counsel for Plaintiff on January 9, 2006. Throughout this lengthy procedural process, Plaintiff, or Plaintiff's various court-appointed attorneys, never served the Complaint on Defendants.

On March 13, 2006, the court appointed another new attorney for Plaintiff. The court then, on April 18, 2006, granted Plaintiff leave to file an Amended Complaint. On May 22, 2006, nearly five years after the initial Complaint was filed (with Defendants still never having been served with the Complaint or an Amended Complaint), Plaintiff, through his newly appointed counsel, filed a Motion for Extension of Period to Serve the Amended Complaint. Defendants have filed a Response in opposition to this Motion, and have also filed a Motion under Federal Rules of Civil Procedure 4(m) and 12(b)(5) to Dismiss the case.

II. DISCUSSION

A court may dismiss a case for "insufficiency of service of process," pursuant to Federal Rule of Civil Procedure 12(b)(5). Haven v. Rzeczpospolita Polska, 215 F.3d 727, 732 (7th Cir.2000). Rule 4(m) of the Federal Rules of Civil Procedure provides,

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

When presented with a motion to dismiss for insufficiency of service of process, "[t]he preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir.1995); see also Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir.1996). "[W]here good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." Panaras, 94 F.3d at 340. If the plaintiff cannot establish good cause for the delay in service, "the court has a choice between dismissing

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-06958    Document 25-5    Filed 08/19/2008    Page 3 of 4

Not Reported in F.Supp.2d                                                                                                     Page 2
Not Reported in F.Supp.2d, 2007 WL 188042 (N.D.Ill.)
**(Cite as: 2007 WL 188042 (N.D.Ill.))**

the suit and giving the plaintiff more time." *United States v. McLaughlin,* 470 F.3d 698, 700 (7th Cir.2006); *see also Panaras,* 94 F.3d at 340 (in such cases, "a district court must still consider whether a permissive extension of time is warranted."). In other words, "the plaintiff who fails to demonstrate good cause for his delay throws himself on the mercy of the district court." *McLaughlin,* 470 F.3d at 700.

*2 The Seventh Circuit has not established specific criteria for what constitutes "good cause" for a delay in service, or under what circumstances a district court should grant a "permissive extension of time" for service. However, the Seventh Circuit has given the district courts some guidance in making these determinations. Good cause exists where "the putative defendant evades service of process." *Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir.1988). "A plaintiff's attempts at service need be 'at the very least ... accompanied by some showing of reasonable diligence' before good cause must be found." *Bachenski v. Malnati,* 11 F.3d 1371, 1377 (7th Cir.1993) (quoting *Tso v. Delaney,* 969 F.2d 373, 377 (7th Cir.1992)). Importantly for this case, "simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination." *Floyd v. United States,* 900 F.2d 1045, 1047 (7th Cir.1990); *see also Geiger,* 850 F.2d at 333 ("counsel's inadvertent failure to serve a defendant within the statutory period does not constitute good cause.").

In determining whether to grant a plaintiff a "permissive extension" of time in which to effect service, district courts are instructed to consider the following non-exhaustive list of factors: the relevant statute of limitations period for the Plaintiff's claims, *Espinoza,* 52 F.3d at 842; prejudice to the court or defendants, *McLaughlin,* 470 F.3d at 701; and "actual notice of a lawsuit, and eventual service...." *Troxell v. Fedders of N. Am .,* 160 F.3d 381, 383 (7th Cir.1998).

The court in this case must therefore first determine whether "good cause" exists for Plaintiff's extraordinarily lengthy delay in service. If the court answers this question in the affirmative, it must give Plaintiff more time in which to effect service. *See Panaras,* 94 F.3d at 340. If the court determines that "good cause" does not exist for this delay, the court must then determine whether to grant Plaintiff a "permissive extension" of time for service. *See id.*

The court determines that no "good cause" exists for the delay in service in this case. Plaintiff filed this case on June 1, 2001. Plaintiff made no attempt to serve process on Defendants within the prescribed 120 day period. Moreover, there is no evidence that Plaintiff has attempted to serve Defendants at any point throughout the protracted history of this case. *See Bachenski,* 11 F.3d at 1377. Plaintiff does not make any attempt to argue that Defendants have attempted to avoid service. Plaintiff does, however, attempt to argue that one of his former court-appointed attorneys was not diligent in effecting service on Defendants, but the Seventh Circuit has clearly explained that attorney neglect cannot constitute "good cause" for failure to serve. *See Floyd,* 900 F.2d at 1047; *Geiger,* 850 F.2d at 333. [FN1]

> FN1. The court notes that such neglect can, in certain circumstances, constitute legal malpractice. *Floyd,* 900 F.2d at 1047 n. 2.

*3 The court also determines that Plaintiff is not entitled to a "permissive extension" of time in which to serve Defendants. In making this determination, the court first looks to the relevant statute of limitations. In § 1983 cases, "courts look to the statute of limitations for personal injury in the state where the injury occurred." *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir.2006). In Illinois, "personal injury actions are subject to a two-year statute of limitations." *Id.* (citing 735 ILL. COMP. STAT. 5/13- 202). The court is therefore very much aware that dismissing Plaintiff's case pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) will effectively terminate Plaintiff's claims: Plaintiff's claims accrued on June 4, 2000, and are thus clearly barred by the statute of limitations at this point. In addition, Defendants certainly have actual notice of this suit, as they have responded to Plaintiff's instant motion, and have filed their own Motion to Dismiss. These factors weight in favor of a "permissive extension."

However, the court again notes that at no point since June 1, 2001, the date Plaintiff filed this case, has Plaintiff or any of Plaintiff's appointed attorneys made any attempt to serve process on Defendants. Given this extraordinarily lengthy, and inexplicable,

Not Reported in F.Supp.2d                                                                                                     Page 3
Not Reported in F.Supp.2d, 2007 WL 188042 (N.D.Ill.)
**(Cite as: 2007 WL 188042 (N.D.Ill.))**

delay in service, combined with Plaintiff's complete failure to even attempt service over this long period of time, the court cannot grant Plaintiff a "permissive exemption" of time in which to serve Defendants in this case. See *Troxell,* 160 F.3d at 383 ("The court ... evaluated [plaintiff's] conduct (or more accurately, that of her lawyer) as a whole; and it decided not to exercise its discretion in her favor."). Five years is simply far too long for Plaintiff, and Plaintiff's attorneys, to have ignored straightforward Federal Rules of Civil Procedure regarding service of process.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Extension of Period to Serve Complaint is denied, and Defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2007 WL 188042 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.