**EXHIBIT E**

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 2491633 (N.D.Ill.)

Page 1

Paden v. Testor Corp.  
N.D.Ill.,2004.  
Only the Westlaw citation is currently available.  
United States District Court,N.D. Illinois, Eastern Division.  
PADEN  
v.  
THE TESTOR CORPORATION  
No. 03 C 50057.

Nov. 2, 2004.

Joyce Paden, Rockford, IL, pro se.

MEMORANDUM OPINION AND ORDER

REINHARD, J.  
*1 Plaintiff, Joyce Paden, filed a twocount complaint against defendant, The Testor Corporation, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e*et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101*et seq.* Defendant has moved to dismiss the action, pursuant to Fed.R.Civ.P. 12(b)(5), contending that plaintiff failed to timely effect service under Fed.R.Civ.P. 4(m).

Plaintiff originally filed a *prose* complaint but later retained counsel who sought to file an amended complaint. Plaintiff's attorney appeared before the magistrate judge on several occasions, seeking an extension of the 120-day time limit under Rule 4(m) to serve defendant because of her difficulty in communicating with plaintiff in an effort to prepare and file an amended complaint. Plaintiff's original request (October 29, 2003) for an extension of time to serve defendant was made, and granted, within the 120-day limit. Thereafter, plaintiff sought and received additional extensions, the last of which gave her until August 13, 2004. Plaintiff eventually served defendant on July 28, 2004, within the latest extension period and 265 days past the original 120-day period.

Once defendant was served, it promptly filed a motion to dismiss under Rule 12(b)(5), contending that no good cause existed for extending the time limit under Rule 4(m) and that no other basis existed for a discretionary extension of the time limit.

This case is somewhat unique in the sense that plaintiff sought an extension of time prior to the 120-day period expiring, as opposed to those situations where the plaintiff did not serve the defendant until after the time had expired and thereafter sought an extension in response to a motion to dismiss, see,e.g.,*Coleman v. Milwaukee Board of School Directors,* 290 F.3d 932 (7th Cir.2002); *Panaras v. Liquid Carbonic Industries Corp.,* 94 F.3d 338 (7th Cir.1996). Thus, defendant is in the position of seeking to challenge the granting of an extension of time under Rule 4(m) which extension was, in fact, complied with.

Additionally, defendant has filed its motion to dismiss with this court even though the magistrate judge granted the extensions. Thus, it must assert a proper basis for overturning the decisions of the magistrate. In that regard, defendant states, without elaboration, that this court's standard of review is *denovo* under Rule 72(b). That would be correct if the decision of the magistrate judge addressed a dispositive pretrial matter such as a motion to dismiss for failing to comply with the time limit of Rule 4(m). In this case, however, the magistrate judge was only called upon to decide whether an extension should be granted under Rule 4(m), a nondispositive pretrial matter, which is governed by the standard of Rule 72(a). Rule 72(a) provides that this court can only set aside a nondispositive pretrial order if it is either clearly erroneous or contrary to law.

*2 Keeping this standard in mind, the court turns to the applicable law related to the decision of whether to grant an extension of time under Rule 4(m). While Rule 4(m) itself arguably does not provide for an extension of time prior to a failure to serve a defendant, clearly Rule 6 allows for such an extension prior to the expiration of the time limit set forth in a rule or order of court. Fed.R.Civ.P. 6(b)(1).

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-06958   Document 25-6   Filed 08/19/2008   Page 3 of 3

Not Reported in F.Supp.2d                                                                                         Page 2
Not Reported in F.Supp.2d, 2004 WL 2491633 (N.D.Ill.)

In such a case, the court may do so "in its discretion" and for "cause shown." Fed Rule Civ. P. 6(b)(1). The issue thus becomes which standard to apply to such an extension, the one under Rule 6(b)(1) or the "good cause" or discretionary standard under Rule 4(m), see Troxell v. Fedders of North America, Inc., 160 F.3d 381, 382-83 (7th Cir.1998). While the court considers the discretionary standards of Rule 6(b)(1) and Rule 4(m) to be essentially the same, it finds that the decision to extend the time limit, under either standard, was not an abuse of discretion ( and therefore not clearly erroneous or contrary to law).

An abuse of discretion in this context exists only if the decision was arbitrary or unreasonable. Troxell, 160 F.3d at 383. This is a hard standard to overcome, especially when the court is simply exercising its judgment about whether to relieve a party from an unexcused failure to comply with the rules, Troxell, 160 F.3d at 383. In exercising its discretion, the court is permitted to consider such factors as the statute of limitations, prejudice to the defendant, actual notice of the law suit, and eventual service. Troxell, 160 F.3d at 383.

In this case, the relatively short statute of limitations (90 days) favored an extension. There was also no apparent prejudice to defendant, and defendant has identified none. Defendant's vague assertion about potential faded memories does not demonstrate actual prejudice. While defendant may not have had actual notice of this action, it should have been aware of the potentiality having been named in plaintiff's charge of discrimination filed with the EEOC. Further, service was in fact accomplished within the time frame allowed. Additionally, rather than waiting until after the time had expired and she was facing a motion to dismiss, plaintiff (at least her attorney) took a proactive approach by requesting an extension in advance. Another relevant factor in this case is that the original *prose* complaint was lacking in clarity and the need for an amended complaint was apparent. The inclusion of the EEOC charging document did little to clarify the gibberish in plaintiff's original complaint. This situation was exacerbated by the difficulty counsel was having in contacting and communicating with plaintiff. While the court does not condone the extreme delay in completing service in this case, under all of the circumstances, there was no abuse of discretion, under either Rule 6(b)(1) or Rule 4(m), in extending the time for service of process as the magistrate judge did.

*3 For the foregoing reasons, the court denies the motion to dismiss.

N.D.Ill.,2004.
Paden v. Testor Corp.
Not Reported in F.Supp.2d, 2004 WL 2491633 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.