IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN E. BENFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 CV 6958 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| CHICAGO BEVERAGE SYSTEMS L.L.C., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Calvin Benford brings an action against Defendant Chicago Beverage Systems L.L.C. ("CBS" or "Defendant") alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (Count I), 29 U.S.C. § 621 *et seq.*, retaliatory discharge in violation of the Illinois Workers' Compensation Act (Count II), 820 ILCS § 305/1 *et seq.*, and retaliatory discharge for reporting a supervisor's improper conduct (Counts III and IV). Before the Court now is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Defendant argues that dismissal of the complaint is appropriate because Plaintiff failed to properly serve the complaint pursuant to Fed. R. Civ. P. 12(b)(5), or, in the alternative, that dismissal of Count IV is appropriate pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion is **DENIED.**

## FACTS

Plaintiff was terminated from his position at CBS on October 11, 2005. On December 11, 2007, Plaintiff filed his Complaint, which was later amended. At the time, Plaintiff was representing himself *pro se*. The Court granted Plaintiff's *in forma pauperis* application on

March 6, 2008. On June 13, 2008, the Summons was issued. On June 17, 2008, Defendant was served with Plaintiff's Amended Complaint, though it had not been served with Plaintiff's original Complaint. Defendant received the Amended Complaint over six months after the lawsuit was first filed, but less than 120 days after Plaintiff's *in forma pauperis* application was granted.

Count IV alleges that Defendant effectuated a retaliatory discharge in violation of Illinois public policy when Plaintiff was terminated after he reported to CBS's management that his direct supervisor instructed him to load inventory on different trucks than was outlined in his written instructions. Am. Compl. ¶ 13, 41.

## ANALYSIS

**1. Rule 12(b)(5) Motion to Dismiss Complaint**

Defendant moves pursuant to Rule 12(b)(5) to dismiss Plaintiff's Amended Complaint for insufficient service of process. Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing his complaint to serve a defendant. If the defendant is not served within 120 days, the court must dismiss the complaint without prejudice so that service can be made within a specific time. *Id.* If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.*

Plaintiff argues that the 120 day filing period under Rule 4(m) begins tolling when a court grants a plaintiff's *in forma pauperis* application. For this proposition, Plaintiff relies on *Saniat v. City of Chicago*, No. 96 CV 5191, 1998 WL 749399, *5 (N.D. Ill. Oct. 16, 1998) ("[T]he Court granted [Plaintiff's *in forma pauperis*] application, which started the Rule 4(m) clock ticking . . . ."). *Saniat*, in turn, relies on the Seventh Circuit's holding in *Robinson v.*

*America's Best Contacts and Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989), which interpreted Northern District of Illinois Local Rule 11 to mean that a complaint is deemed filed as of the date of the judge's order granting an *in forma pauperis* application. However, closer inspection of Local Rule 11 (now codified as Local Rule 3.3) reveals Plaintiff's argument to be incomplete. Local Rule 3.3(d) states:

> Date of filing. If the judge grants the IFP petition, the complaint shall be filed as of the date of the judge's order *except* that where the complaint must be filed within a time limit and the order granting leave to file is entered after the expiration of that time limit, the complaint *shall be* deemed to have been filed:
>
> (1) in the case of any plaintiff in custody, as of the time of the plaintiff's delivery of the complaint to the custodial authorities for transmittal to the court; or
>
> (2) in the case of any other plaintiff, as of the time the complaint was received by the clerk.

*Id.* (emphasis added). This Court granted Plaintiff's *in forma pauperis* application on March 6, 2008. Under the first clause of Local Rule 3.3(d), the Amended Complaint would be deemed as filed on March 6, 2008. However, this situation fails within the exception to the rule. The statute of limitations for Plaintiff's ADEA claim is ninety days from the receipt of his Notice of Right To Sue from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f)(1). If the Complaint is regarded as having been filed on December 11, 2007, it would fall within the statute of limitations. If it is regarded as having been filed on March 6, 2008, the statute of limitations would have expired on the ADEA claim. Therefore, according to Local Rule 3.3(d)(2), Plaintiff's complaint *must be* deemed as having been filed when the complaint was received by the clerk. Therefore, the complaint was filed on December 12, 2007.

However, Plaintiff's failure to serve Defendant within 120 days of filing the complaint does not necessarily require the dismissal of his complaint. If the plaintiff shows good cause for the failure, the district court must extend the time for service for an appropriate period. Fed. R.

Civ. P. 4(m). Good cause exists where there are "a valid reasons for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of School Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Even where the plaintiff has *not* demonstrated good cause, the Court may, in its discretion, either extend time for service of process or dismiss the action without prejudice. *Id.*; *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). For this determination, the district court must consider the consequences to both parties in making this decision, including such factors as (1) whether the statute of limitations would bar the refiled action, (2) whether the defendant evaded service or concealed a defect in attempted service, (3) whether granting an extension of time in which to serve the defendant would prejudices the defendant's ability to defend the lawsuit, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served. *Id.*; Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. The court retains discretion to determine the appropriate outcome after consideration of these factors. *Panaras*, 94 F.3d at 341.

Here, the balance of factors weighs clearly in favor of Plaintiff. If complaint is dismissed, he will not be able to refile his ADEA claim because the statute of limitations on it has expired. While Defendant did not evade service, it had some notice of the suit, or at least should have been aware of the potential for litigation because of Plaintiff's prior charge with the EEOC. It is not clear that the delay between the filing and service of the complaint has prejudiced the Defendant in anyway; indeed, Defendant does not make an argument that it has been prejudiced. But for the statute of limitations on one of his four claims, Plaintiff's June 17, 2008 service would have been sufficient under Local Rule 3.3(d), a rule that affords heightened protections to litigants proceeding *in forma pauperis*. Thus, for the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(5) is **DENIED**. Plaintiff's June 17, 2008

service of the Amended Complaint upon Defendant was sufficient.

## 2. Rule 12(b)(6) Motion to Dismiss Count IV

Defendant moves in the alternative to dismiss Count IV for failing to state a claim under Illinois common law for retaliatory discharge. Illinois does not permit employers to fire an employee in retaliation for some action when such a termination would contravene public policy. "All that is required is that the employer discharge the employee in retaliation for the employee's activities, and that the discharge be in contravention of a clearly mandated public policy." *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 134 (1981). Although Illinois law does not define what constitutes "clearly mandated public policy," the Illinois courts have recognized that the state Constitution and statutes express the state's public policy concerns. *Id.*, 85 Ill.2d at 130. As the Supreme Court of Illinois has stated,

> Although no specific constitutional or statutory provision requires a citizen to take an active part in the ferreting out and prosecution of crime, public policy nevertheless favors citizen crime-fighters. Public policy favors the exposure of crime, and the cooperation of citizens possessing knowledge thereof is essential to effective implementation of that policy. [Citizen employees] acting in good faith who have probable cause to believe crimes have been committed should not be deterred from reporting them by the fear of . . . [employment] discharge.

*Id.*, 85 Ill.2d at 132. As such, an employer who fires an employee for refusing to engage in or for reporting suspected unlawful activity would be in contravention of a clearly mandated Illinois public policy concern.

Plaintiff's Amended Complaint states:

In or around September of 2005, while loading inventory on delivery trucks, Plaintiff's supervisor told Plaintiff to put certain inventory on different trucks than was outlined in Plaintiff's written instructions. Plaintiff questioned his supervisor, and informed his supervisor that he would only put inventory on the trucks where he was instructed to

pursuant to his written instructions. Plaintiff reported his supervisor's directions to management.

Pl.'s Am. Compl. ¶ 13.

On a motion to dismiss for failure to state a claim upon which relief can be granted, the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Being ordered to load inventory onto different trucks than outlined in written instructions is not simply the "mundane work grievance" Defendant claims it to be, since the action suggests embezzlement. Under these facts, Plaintiff could show that his supervisor was asking him to do something unlawful, and that he was fired for reporting the suspicious activity. Plaintiff's complaint clearly states a claim for retaliatory discharge. Accordingly, Defendant's motion to dismiss Count IV under Fed. R. Civ. P. 12(b)(6) is **DENIED.**

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **DENIED** in its entirety.

                Enter:
                <u>/s/ David H. Coar</u>
                David H. Coar
                United States District Judge

**Dated:** November 12, 2008